THOMAS W. DUNLAP *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

### May 22, 1886.

Carrier—Passengers—Freight Train.—A railroad "mileage ticket," upon which is expressed the condition, expressly assented to by the purchaser, that it should not be good for passage on freight trains, does not entitle such purchaser to ride on a freight train, although the carrier had, subsequent to the purchase of the ticket, advertised that passengers with tickets might ride on such trains.

Appeal by plaintiff from an order of the district court for Becker county, *Baxter*, J., presiding, granting a new trial.

*F. D. Larrabee*, for appellant.

*W. P. Clough*, for respondent.

DICKINSON, J.  The plaintiff recovered a verdict for being ejected, but without violence, from the caboose of a freight train upon which he had undertaken to travel over the defendant's road. The court granted a new trial.

The plaintiff's only right to travel on this train was derived from the fact that he had, and tendered in payment of his fare, a thousand-mile ticket, upon which was indorsed the express condition that it should

not be good for passage on freight trains. The plaintiff, by a writing subscribed by him, agreed to this condition, and declared that he accepted the ticket subject to the same. Subsequent to the purchase of this ticket the defendant issued an advertisement to the effect that passengers with tickets could ride on certain freight trains particularly designated, including this train. Upon the evidence the plaintiff was not entitled to recover. The express contract between the plaintiff and the defendant was not affected by the advertisement announcing that passengers "with tickets" might ride on this train. This was not an ordinary ticket, evidencing an unconditional contract for carriage. The general advertisement was not a waiver of the condition expressed in the special contract.

Order affirmed.